10-3500-ag
Dong v. Holder

BIA
A076 505 252

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of August, two thousand eleven.

PRESENT:
> REENA RAGGI,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> *Circuit Judges*.

_____

GING RUI DONG,
> *Petitioner*,

v.                                                    10-3500-ag
                                                      NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Terri J. Scadron, Assistant
                         Director; Greg D. Mack, Senior
                         Litigation Counsel, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ging Rui Dong, a native and citizen of the People's Republic of China, seeks review of the August 12, 2010, decision of the BIA denying his motion to reopen. *In re Ging Rui Dong*, No. A076 505 252 (B.I.A. Aug. 12, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's denial of Dong's motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005). A motion to reopen generally must be filed no later than 90 days after the date on which the final administrative decision has been rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Dong's 2010 motion was untimely, as the final administrative decision was issued in 2002. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the time and number limitations do not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material

and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

Dong contends that his new practice of Christianity in the United States constitutes changed circumstances.  As the BIA noted, Dong's baptism into the Christian faith, which occurred in 2009 in the United States, reflects a self-induced change in personal circumstances and therefore does not exempt his motion from the applicable bars.  *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273–74 (2d Cir. 2006); *Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008).

Dong also argues that he demonstrated changed country conditions by submitting evidence that conditions for Christians in China worsened in 2008, and that the BIA abused its discretion by overlooking this evidence. However, the BIA referenced this evidence in its decision, and its acknowledgment was sufficient.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (noting that the BIA does not need to expressly parse or refute every piece of evidence submitted by the petitioner); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006) ("[W]e presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise.").

The BIA's determination that the evidence failed to demonstrate changed country conditions is supported by substantial evidence. *See Jian Hui Shao*, 546 F.3d at 169. While the background materials submitted by Dong show a continued repression of Christians who worship in unregistered churches, and continued strict regulation of the registered churches, they do not show a worsening of conditions for Christians in China, particularly as much of the evidence is focused on the level of persecution in Beijing around the time of the 2008 Olympics.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4